Fred **BATCHELOR**, Plaintiff and Appellant,

v.

Samuel W. **SMITH**, Warden, Utah State
Prison, Defendant and Respondent.

No. 14448.

Supreme Court of Utah.

Oct. 15, 1976.

David E. Littlefield, of Littlefield, Ritchey & Cook, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant-respondent.

ELLETT, Justice:

The petitioner herein was convicted by a jury of the combined crimes of rape and robbery on the 10th day of August, 1972. He was sentenced to a term of not less than ten years to life for the rape conviction and not less than five years to life for the robbery conviction. Both sentences were to run concurrently. Counsel for petitioner in these actions was Betty Marsh of the Public Defender's Association. Betty Marsh is the wife of William Marsh, also of the Public Defender's Association, who represented petitioner's codefendants in the action.

Petitioner was later charged with the crime of first-degree murder and pleaded guilty to that charge on the 17th day of April, 1974. He filed this petition for a Writ of Habeas Corpus on May 29, 1975, claiming that he was unlawfully detained by the defendant, warden of the Utah State Prison.

As to the conviction of the charges of rape and robbery, he claims he was denied the effective assistance of counsel, the seeds of which claim have often fallen in fertile judicial soil. It seems to be the last refuge of those who make no claim of in-

nocence but have a burning yen to escape from the penalties provided by law for their criminal conduct. His claim here has several branches:

■ First, he says his counsel was the wife of counsel for his codefendant and, therefore, she had a conflict of interest somewhere. It is no just reason to accuse an attorney of incompetence simply because she may be the spouse of another attorney who is in the case; and this is especially true where both attorneys are striving to thwart the efforts of the prosecuting attorney.

The petitioner refused to permit counsel for the legal Defenders to represent him and complains because his appeal from the rape-robbery conviction was dismissed for failure to prosecute.

His original attorney filed a notice of appeal and was permitted to then withdraw from the case. Mr. Richards, who then represented Mr. Batchelor in the first-degree murder case, was also appointed to represent him in the appeal of the rape-robbery case. At that time, Mr. Richards represented another defendant who was charged with first-degree murder; and when Mr. Batchelor confessed to him that he, Batchelor, was involved in that murder, Mr. Richards advised the court that Mr. Batchelor feared there might be a conflict of interest, whereupon the court advised Mr. Richards to have other counsel present at trial. Another lawyer was then associated as counsel, and Mr. Batchelor entered a plea of guilty to the murder after being fully advised as to his rights and the consequences of the plea.

In his petition for habeas corpus, he does not claim that the trial was improperly conducted in any particular or that his counsel neglected her duty except, he says, there was a witness whom she failed to call.

■ The calling of witnesses is a matter of judgment on the part of a lawyer. No claim is made that the witness would have testified to anything material to the case or even that he would have told the truth. A lawyer is not incompetent simply because she does not call all witnesses desired by her client. In this case, it does not even appear that Mr. Batchelor requested that the witness be called to testify.

■ After the plea of guilty to murder was voluntarily and intelligently made, there was not much percentage to be gained by pursuing the appeal in the rape-robbery cases. Also, there is no claim made that a new trial, if given, would have resulted in a different verdict.

We do not see wherein there was any ineffectiveness on the part of counsel which caused the incarceration of Mr. Batchelor.

The judgment whereby the petition herein was dismissed is affirmed, and the petitioner is remanded to the custody of the warden for the continued service of the sentences imposed upon him.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.